

**KEN PAXTON**

ATTORNEY GENERAL OF TEXAS

January 29, 2024

The Honorable M. Brad Dixon
Jack County Attorney
100 Main Street, Suite 312
Jacksboro, Texas 76458

**Opinion No. KP-0455**

Re: Determination of an "excessive discount" under Alcoholic Beverage Code subsection 102.07(c) (RQ-0004-AC)

Dear Mr. Dixon:

You seek our opinion on what constitutes an "excessive discount" under Alcoholic Beverage Code subsection 102.07(c), which prohibits such discounts.[1] You ask on behalf of the Jacksboro Police Department, which has been asked to investigate a local retail liquor store allegedly selling liquor at discounted prices in violation of subsection 102.07(c).[2] The Jacksboro police chief provides the illustrative fact that a bottle of liquor advertised at $27.00 for a 750ml bottle is discounted at the register and sold for $10.99. Attachment at 1. As an initial matter, we note that we do not answer fact questions or determine whether a criminal offense has been committed in attorney general opinions. *See* Tex. Att'y Gen. Op. Nos. KP-0281 (2020) at 1 (acknowledging that this office does not find facts in the opinion process), GA-0956 (2012) at 4 ("[W]hether a person has committed a crime in any particular circumstance is a question of fact that cannot be resolved in an attorney general opinion."). Thus, we cannot tell you whether a particular discount is excessive or whether a person has committed an offense by offering a particular discount. We can, however, advise you generally about the meaning of "excessive discount" within subsection 102.07(c).

As a matter of policy, the Alcoholic Beverage Code (the "Code") recites that the Code "is an exercise of the police power of the state for the protection of the welfare, health, peace, temperance, and safety of the people of the state [and] shall be liberally construed to accomplish this purpose." TEX. ALCO. BEV. CODE § 1.03. The Code further recites that it exclusively governs

---

[1] *See* Letter from Honorable M. Brad Dixon, Jack Cnty. Att'y, to Off. of the Att'y Gen. at 1 (July 31, 2023), https://texasattorneygeneral.gov/sites/default/files/request-files/2023/RQ0004AC.pdf ("Request Letter"). This opinion is limited in scope to the question raised. Whether prohibiting an excessive discount is the same as setting a price is a question best left to the Legislature in its constitutional role to determine regulatory powers for state agencies.

[2] *See* Attached Letter from Scott W. Haynes, Chief of Police, Jacksboro Police Dep't, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (July 28, 2023) (hereinafter "Attachment").

"the manufacture, sale, distribution, transportation, and possession of alcoholic beverages" unless it specifically provides otherwise. *Id.* § 1.06. Title 4 of the Code, containing regulatory and penal provisions, includes chapter 102, which governs intra-industry relationships.[3] *See generally id.* §§ 102.01–.82 ("Intra-Industry Relationships"); *see also Cadena Comercial USA Corp. v. Tex. Alcoholic Beverage Comm'n*, 518 S.W.3d 318, 326 (Tex. 2017) (describing chapter 102 as providing "a comprehensive framework for regulating everything from overlapping ownership among the three tiers down to specific financial transactions and gifts and promotions"). In this context, section 102.07 prohibits certain dealings with retailers or consumers. TEX. ALCO. BEV. CODE § 102.07 (entitled "Prohibited Dealings with Retailer or Consumer"). The provision about which you ask, subsection 102.07(c), provides that "[n]o person who owns or has an interest in the business of a package store or wine only package store, nor the agent, servant, or employee of the person, may allow an excessive discount on liquor."[4] *Id.* § 102.07(c). Section 102.07 provides no specific penalty for the violation of any of its provisions, but a person violating a provision of the Code "for which a specific penalty is not provided is guilty of a misdemeanor and on conviction is punishable by a fine of not less than $100 nor more than $1,000 or by confinement in the county jail for not more than one year or by both." *Id.* § 1.05(a).

As you point out, chapter 102 does not define "excessive discount," despite using the phrase in three places.[5] *See* Request Letter at 1; TEX. ALCO. BEV. CODE §§ 102.04(b)(5), .07(a)(7), (c); *see also id.* § 1.04 ("Definitions"). Also, as noted *infra*, the Texas Alcoholic Beverage Commission ("TABC") has not defined the term in any of its rules. "When a term is left undefined in a statute, [courts] 'will use the plain and ordinary meaning of the term and interpret it within the context of the statute.'" *Hogan v. Zoanni*, 627 S.W.3d 163, 169 (Tex. 2021) (quoting *EBS Sols., Inc. v. Hegar*, 601 S.W.3d 744, 758 (Tex. 2020)). Courts will consult the dictionary to ascertain the common meaning of undefined terms. *See Sunstate Equip. Co., LLC v. Hegar*, 601 S.W.3d 685, 697 (Tex. 2020). The term "excessive" is commonly defined to mean "exceeding the usual, proper, or normal." WEBSTER'S THIRD NEW INT'L DICTIONARY 792 (2002). In the context of pricing, the term "discount" commonly means "a reduction from a price made to a specific customer or class of customers." *Id.* at 646; *see also* MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 357 (11th ed. 2004) (defining "discount" to mean "a reduction made from a regular or list price"). With these common meanings, a court would likely conclude that an "excessive discount" is a reduction from a regular price that is more than what is usual, proper, or normal.

---

[3] *See CANarchy Craft Brewery Collective, L.L.C. v. Tex. Alcoholic Beverage Comm'n*, 37 F.4th 1069, 1071 (5th Cir. 2022) (serving up a top-shelf, spirited opinion acknowledging that a primary aim of the Code is "to prevent certain overlapping relationships between those engaged in the alcoholic beverage industry at different levels, or tiers" (citation omitted)).

[4] Package store permits are governed by chapter 22 of the Code. *See generally* TEX. ALCO. BEV. CODE §§ 22.01–.19. The "excessive discount" language was first applied to a package store or wine only package store in a 1955 amendment to subsection 102.07(c)'s statutory predecessor. *See* Act of June 7, 1955, 54th Leg., R.S., ch. 433, § 1, 1955 Tex. Gen. Laws 1149, 1149.

[5] Two other provisions in chapter 102 use the phrase "excessive discount." *See* TEX. ALCO. BEV. CODE §§ 102.04(b)(5) (prohibiting an "excessive discount" to a permittee), 102.07(a)(7) (prohibiting "an excessive discount to a retailer"). The Legislature has in the last three legislative sessions considered, but not enacted, legislation that would eliminate the term in subsections 102.04(b)(5) and 102.07(a)(7) and repeal subsection 102.07(c) altogether. *See* Tex. H.B. 4054, 88th Leg., R.S. (2023); Tex. S.B. 196, 87th Leg., R.S. (2021); Tex. H.B. 3791, 86th Leg., R.S. (2019).

As we noted previously, the TABC addresses discounts in certain instances but has not defined "excessive discount" for purposes of subsection 102.07(c). The TABC "shall inspect, supervise, and regulate every phase of the business of manufacturing, importing, exporting, transporting, storing, selling, advertising, labeling, and distributing alcoholic beverages, and the possession of alcoholic beverages for the purpose of sale or otherwise." TEX. ALCO. BEV. CODE § 5.31(a). The TABC is authorized to "prescribe and publish rules necessary to carry out the provisions" of the Code and may generally "exercise . . . all powers incidental, necessary, or convenient to the administration" of the Code.[6] *Id.*

The Legislature also charged the TABC with "making policy decisions regarding marketing practices regulations and for communicating those decisions to . . . the alcoholic beverage industry" through a formal process documented in a precedent manual or a formal advisory. *Id.* § 5.57(a), (d)(2). Under this authority, TABC advises that consumer discounts are permissible based on quantity purchasing under certain guidelines.[7] While we are aware of at least one administrative matter that examines whether particular adjustments from the general range of normal pricing constituted legitimate business reasons for steep discounts and were not excessive, we are unaware of any rule or formal policy document generally advising the industry on how to determine what constitutes an "excessive discount." *See generally Tex. Alcoholic Beverage Comm'n v. Spec's Fam. Partners, Ltd.*, Nos. 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, 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, 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, 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, 2017 WL 2831411, at *26–28 (filed June 23, 2017) (considering witness testimony proffering business reasons for discounts in the context of the prohibition of the discount to retailers in subsection 102.07(a)(7), to include such things as improper temperature, shelf life, new products, and improper labels or packaging). Absent TABC guidance, we can advise you only that a court would likely conclude that, for purposes of subsection 102.07(c), reducing a regular price by more than what is usual, proper, or normal under the circumstances would be an "excessive discount" under the common meaning of the term.

[6] For instance, a TABC rule addresses coupons and rebates. *See* 16 TEX. ADMIN. CODE § 45.101 (2022) (Tex. Alco. Bev. Comm'n, Rebates and Coupons).

[7] *See* Texas Alcoholic Beverage Commission Marketing Practices Advisory – MPA014 (Nov. 21, 2023), https://www.tabc.texas.gov/static/sites/default/files/2020-06/mpb-014.pdf.

## S U M M A R Y

Alcoholic Beverage Code subsection 102.07(c) provides that no "person who owns or has an interest in the business of a package store or wine only package store, nor the agent, servant, or employee of the person, may allow an excessive discount on liquor." Absent a definition from the Alcoholic Beverage Code or guidance from the Texas Alcoholic Beverage Commission, the common meaning of the term "excessive discount" is a reduction from a regular price that is more than what is usual, proper, or normal. Accordingly, a court would likely conclude that, for purposes of subsection 102.07(c), reducing a regular price by more than what is usual, proper, or normal would be an "excessive discount" under the common meaning of the term.

Very truly yours,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

AUSTIN KINGHORN
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee